COOLEY LLP
TERESA H. MICHAUD (296329)
tmichaud@cooley.com
MONICA DAEGELE (334911)
mdaegele@cooley.com
ELLIE DUPLER (337607)
edupler@cooley.com
350 S. Grand Avenue, Suite 3200
Los Angeles, CA 90071
Telephone: +1 213 561 3250
Facsimile: +1 213 561 3244

*Attorney for Defendant Remedy Meds LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALICIA SANCHEZ, individually and on behalf of all those similarly situated,

Plaintiff,

v.

REMEDY MEDS LLC,

Defendant.

Case No. 3:26-cv-02695-WQH-GC

**DEFENDANT REMEDY MEDS LLC'S ANSWER TO COMPLAINT**

Complaint Filed: April 28, 2026

Honorable William Q. Hayes

Defendant Remedy Meds LLC ("Remedy Meds"), by and through counsel, hereby responds to the Complaint ("Complaint") filed by Plaintiff Alicia Sanchez ("Plaintiff"). Unless specifically admitted, Remedy Meds denies each of the allegations in the Complaint.

## PRELIMINARY STATEMENT

Remedy Meds is a telehealth company that connects Americans with clinician-guided access to GLP-1 medications. Plaintiff Sanchez is a serial plaintiff who has appeared in multiple lawsuits filed by the same firm, Pacific Trial Attorneys, against different companies on different theories.

The entire Complaint hinges on a single spam email—sent from a spoofed Money.com address—promoting a program or company called "Remedy Weight Loss," not Remedy Meds. From that one email, Plaintiff's counsel constructs a sweeping class action, accusing Remedy Meds of orchestrating an illegal spam campaign and secretly surveilling every visitor to its website. Neither allegation holds up.

With respect to Plaintiff's anti-spam claim, neither Remedy Meds nor any of its marketing partners sent or authorized the subject email—nor did Money.com, whose domain was spoofed to transmit it. The email does not even mention Remedy Meds by name, nor does it link to Remedy Meds's website. No legitimate company orchestrates a marketing campaign through a spoofed third-party email address and a broken link. Instead, the email reflects a coordinated third-party spam effort, bearing no traceable connection to Remedy Meds.

Plaintiff's privacy claims fare no better. Plaintiff alleges she visited remedymeds.com after receiving the email, where she was subjected to unlawful device tracking. But the email itself refutes that story: its embedded links do not direct to Remedy Meds's website. There is no basis to conclude that Plaintiff ever reached Remedy Meds's website, much less that she encountered any tracking

technology there. A CIPA claim cannot be manufactured from an assumed chain of events lacking any evidentiary support.

California's anti-spam and privacy statutes protect consumers from genuine bad actors. They were not enacted to hold a company liable for an email it never sent, from a sender it cannot identify, that did not even link to its website. Remedy Meds had nothing to do with the conduct alleged in the Complaint. As set forth below, Remedy Meds responds to each of the Complaint's specific allegations.

## I. NATURE OF ACTION

1. Remedy Meds denies the allegations and characterizations in paragraph 1.

2. Remedy Meds denies the allegations and characterizations in paragraph 2.

3. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 3.

## II. PARTIES, JURISDICTION AND VENUE

4. Remedy Meds lacks knowledge and information sufficient to form a belief as to whether Plaintiff is and was at all times mentioned in the Complaint a citizen of the State of California, and on that basis denies the same. Remedy Meds denies the remaining allegations and characterizations in paragraph 4.

5. Remedy Meds admits the allegations in paragraph 5.

6. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 6.

7. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 7.

## III. FACTUAL ALLEGATIONS

8. Remedy Meds lacks knowledge and information sufficient to form a belief as to whether Plaintiff is a California citizen and is the owner of the e-mail address alisanchez0119@gmail.com, and on that basis denies the same. Remedy Meds denies the remaining allegations and characterizations in paragraph 8.

9. Remedy Meds lacks knowledge and information sufficient to form a belief as to whether Plaintiff opened the subject email and her state of mind in doing so, if any, and on that basis denies the same. Remedy Meds denies the remaining allegations and characterizations in paragraph 9.

10. Remedy Meds denies the allegations and characterizations in paragraph 10.

11. Remedy Meds denies the allegations and characterizations in paragraph 11.

12. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 12.

13. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 13.

14. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 14.

15. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 15.

16. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 16.

17. Remedy Meds denies the allegations and characterizations in paragraph 17.

18. Remedy Meds denies the allegations and characterizations in paragraph 18.

19. Remedy Meds denies the allegations and characterizations in paragraph 19.

20. Remedy Meds denies the allegations and characterizations in paragraph 20.

21. Remedy Meds denies the allegations and characterizations in paragraph 21.

22. Remedy Meds denies the allegations and characterizations in paragraph 22.

23. Remedy Meds denies the allegations and characterizations in paragraph 23.

24. The allegations in paragraph 24 purport to characterize a Brennan Center for Justice report, which speaks for itself, and no response is required. To the extent a response is required, Remedy Meds denies the allegations in paragraph 24.

25. Remedy Meds lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis, denies the allegations.

26. Remedy Meds denies the allegations and characterizations in paragraph 26.

## IV. **CLASS ACTION ALLEGATIONS**

27. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 27.

28. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 28.

29. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 29.

30. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 30.

31. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 31.

32. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 32.

33. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 33.

34. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Remedy Meds denies the allegations and characterizations set forth in paragraph 34.

## FIRST CAUSE OF ACTION

### Violation of Cal. Business & Professions Code § 17529.5

35. Remedy Meds lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis, denies the allegations.

36. The allegations in this paragraph state legal conclusions and characterizations to which no response is required. To the extent a response is deemed

required, Remedy Meds denies the allegations and characterizations set forth in paragraph 36.

37. The allegations in this paragraph state legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, Remedy Meds admits that Plaintiff purports to characterize Cal. Bus. & Prof. Code § 17529.5. Except as expressly admitted, Remedy Meds denies the allegations and characterizations set forth in paragraph 37.

38. Remedy Meds denies the allegations and characterizations in paragraph 38.

39. The allegations in this paragraph state legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, Remedy Meds admits that Plaintiff purports to characterize Cal. Bus. & Prof. Code § 17529.5. Except as expressly admitted, Remedy Meds denies the allegations and characterizations set forth in paragraph 39.

## SECOND CAUSE OF ACTION

## Violation of the California Trap and Trace Law

## Cal. Penal Code § 638.51

40. The allegations in this paragraph state legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, Remedy Meds admits that Plaintiff purports to characterize CIPA. Except as expressly admitted, Remedy Meds denies the allegations and characterizations set forth in paragraph 40.

41. The allegations in this paragraph state legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, Remedy Meds admits that Plaintiff purports to characterize CIPA. Except as expressly admitted, Remedy Meds denies the allegations and characterizations set forth in paragraph 41.

42. The allegations in this paragraph state legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, Remedy Meds admits that Plaintiff purports to characterize CIPA. Except as expressly admitted, Remedy Meds denies the allegations and characterizations set forth in paragraph 42.

43. The allegations in this paragraph state legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, Remedy Meds admits that Plaintiff purports to characterize CIPA. Except as expressly admitted, Remedy Meds denies the allegations and characterizations set forth in paragraph 43.

44. Remedy Meds denies the allegations and characterizations in paragraph 44.

45. Remedy Meds denies the allegations and characterizations in paragraph 45.

46. The allegations in this paragraph state legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, Remedy Meds admits that Plaintiff purports to characterize CIPA. Except as expressly admitted, Remedy Meds denies the allegations and characterizations set forth in paragraph 46.

## THIRD CAUSE OF ACTION

## California Intrusion Upon Seclusion

47. Remedy Meds denies the allegations and characterizations in paragraph 47.

48. Remedy Meds denies the allegations and characterizations in paragraph 48.

## PRAYER FOR RELIEF

Remedy Meds denies that Plaintiff and any other class members are entitled to any relief whatsoever, including but not limited to the relief sought in the section of

the Complaint titled "Prayer for Relief." To the extent that the "Prayer for Relief" contains any allegations, Remedy Meds denies the same.

**GENERAL DENIAL**

All other allegations not specifically admitted are denied.

**AFFIRMATIVE DEFENSES**

Remedy Meds asserts that Plaintiff's claims are barred, in whole or in part, by the defenses set forth herein. The Preliminary Statement and responses above are incorporated in these defenses by reference as if fully set forth herein. By setting forth these defenses, Remedy Meds does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Remedy Meds reserves the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to the one-year limitations period applicable to claims under California Business & Professions Code § 17529.5 and California Penal Code § 637.2.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or the putative class members consented to the alleged conduct, including through their voluntary use of Defendant's website and their acceptance of applicable terms of service and privacy disclosures.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring the claims set forth in the Complaint, including because she has sustained no injury in fact caused by Remedy Meds or the conduct alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery by reason of her failure to mitigate, minimize, or avoid the damages alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are preempted, in whole or in part, by the federal CAN-SPAM Act, 15 U.S.C. § 7707(b).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements in violation of § 17529.5.

**PRAYER FOR RELIEF**

WHEREFORE, Remedy Meds asks this Court to enter judgment:

1. Dismissing the Complaint with prejudice;
2. Finding that Plaintiff is not entitled to the relief requested in the Complaint, or to any relief whatsoever;
3. Finding that one or more of the claims asserted by Plaintiff is unenforceable and/or that Plaintiff's claims have been limited, barred, or discharged by reason of the affirmative and additional defense(s) set forth herein;
4. Awarding reasonable attorneys' fees and all other recoverable expenses to Remedy Meds;
5. Awarding Remedy Meds its costs; and,
6. Granting such other and further relief as may be just and proper.

Dated: July 20, 2026

COOLEY LLP

By: */s/ Teresa H. Michaud*
Teresa H. Michaud

Attorneys for Defendant
Remedy Meds LLC